UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| YC RUBBER CO. (NORTH AMERICA) LLC, SUTONG TIRE RESOURCES INC., MAYRUN TYRE (HONG KONG) LIMITED, and ITG VOMA CORPORATION, | )<br>)<br>)<br>)<br>) |
| Plaintiffs and Consolidated Plaintiffs, | ) |
| and | ) |
| KENDA RUBBER (CHINA) CO., LTD. | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

Consol. Court No. 19-00069

## RESPONSE TO DEFENDANT'S PARTIAL CONSENT MOTION FOR AN EXTENSION TO FILE OUT OF TIME REMAND RESULTS

Plaintiffs YC Rubber Co. (North America) LLC ("YC Rubber") and Sutong Tire Resources, Inc. ("Sutong") and Consolidated Plaintiff ITG Voma Corporation ("ITG Voma") hereby respond to Defendant's Partial Consent Motion for an Extension to File Out of Time Remand Results (Nov. 1, 2023), ECF 75. YC Rubber, Sutong, and ITG Voma take no position on Defendant's Motion but are compelled to state our concerns regarding the U.S. Department of Commerce's ("Commerce") double standard with respect to filing deadlines.[1] These inequities

---

[1] Counsel initially asked Defendant's attorney to add the following expression of our concerns as to Commerce's policy to its Motion: "On behalf of ITG Voma, YC Rubber, and Sutong Tire Resources, we recognize the equities set forth by the Court in *Clearon Corp. v United States,* Consol. Ct. No. 13-00073 RKE, addressing 'Commerce's disregard of the judicial deadline set for filing the redetermination set in this matter in light of past, some might argue draconian, inflexibility with regard to administrative deadlines set for parties to administrative proceedings.' Order (Dec. 11, 2014), ECF 68. We also reiterate our concerns about Commerce's

were recognized nearly nine years ago when Commerce missed the same type of deadline, and the Court addressed "Commerce's disregard of the judicial deadline set for filing the redetermination set in this matter in light of past, some might argue **draconian, inflexibility with regard to administrative deadlines** set for parties to administrative proceedings." *Clearon Corp. v United States,* Consol. Ct. No. 13-00073 RKE, Order (Dec. 11, 2014), ECF 68 (emphasis added).

Commerce's requirement for strict adherence to deadlines has not become any less draconian since *Clearon*. Two of multiple examples of Commerce's draconian treatment of respondents' excusable non-conformance with strict deadlines are set forth below for this Court's awareness.[2]

- In the less-than-fair-value of wind towers from the Socialist Republic of Vietnam ("Vietnam"), respondent was assigned 63.80% "total" adverse facts available ("AFA") antidumping duty ("ADD") rate when a supplemental questionnaire response ("SQR") was filed two days after the deadline due to a calendaring error. *Utility Scale Wind Towers from Vietnam*, 85 Fed. Reg. 40,226 (July 6, 2020) (final determination), Issues and Decision Memorandum ("IDM") Comment 1. Dismissing the relevance of the fact that the attorney responsible for preparing the response was abroad mourning the unexpected death of a close family member when the error occurred, Commerce found that other attorneys working on the matter should have realized the calendaring error. Commerce Letter to CS Wind Corp. (Jan. 2, 2020), ACCESS Barcode 3926085. Commerce also discounted the fact that the filing error did not prejudice any party to the investigation.

- In the first administrative review of quartz surface products ("QSP") from India, a respondent was assigned a 323.12% total AFA ADD rate when it filed a supplemental questionnaire response after the irregular 10:00 AM deadline set by Commerce, but before the normal 5:00 PM deadline. *QSP from India*, 88 Fed. Reg. 1188 (Jan. 9, 2023) (final results), IDM Comments 2 & 3. Commerce asserted at *id.*, Comment 2:

    > [A]rguments that it was reasonable for Antique Group to assume the deadline was 5:00 p.m. ET overlook the respondent's obligation to review the deadline that was established and ensure it is correctly followed; the

---

continued unlawful actions in this proceeding. Notwithstanding, we take no position on the Government's motion."

[2]   Respondents have not challenged Commerce's draconian decisions in this Court in several instances, including the first case identified, for several reasons. The litigated cases, in which Commerce's decisions have been reversed, represent merely a handful of such decisions by Commerce over the years.

> extension letter was not unclear and does not leave room for assumptions about the deadline time. Ultimately, all of the explanations for why Antique Group overlooked the deadline point to inattentiveness, carelessness and/or inadequate recordkeeping, not a lack of clarity on the part of Commerce or an inability to comply with the deadline.

Here, this Court was not "unclear" with respect to Commerce's deadline, and the Government's actions can likewise be characterized as due to "inattentiveness, carelessness and/or inadequate recordkeeping." *Id*. Moreover, the Government missed a standard midnight deadline by two days, not an irregular deadline by a matter of minutes.

With respect to a recently challenged Commerce decision, the Court reversed Commerce's assignment of an 154.33% "total AFA" rate in an administrative review of steel nails from the United Arab Emirates ("UAE") where one part of a SQR was filed 16 minutes after the 5:00 PM deadline. *Oman Fasteners LLC v. United States*, 2023 WL 2233642 (CIT Feb. 15, 2023). The Court described Commerce's action as "the very definition of abuse of discretion." *Id*. *2.

The Court likewise recently invalidated Commerce's assignment of a 54.27% total AFA rate in an administrative review of circular welded carbon-quality steel pipe from the UAE. AFA was based on the complete filing of an initial questionnaire response at 6:42 PM instead of Commerce's standard 5:00 PM deadline on account of technical difficulties experienced as a result of the sudden, COVID-related shift to remote working environments. *Ajmal Steel Tubes & Pipes Indus. LLC v. United States*, 2022 WL 15943670 (CIT Oct. 28, 2022). The Court emphasized Commerce's double standard in giving itself extraordinary extensions in response to COVID, while giving the respondent no quarter: "Commerce asks the court to allow it to enforce its deadlines in the strictest way possible with a seeming disregard for Commerce's own actions." *Id*. *4.

YC Rubber, Sutong, and ITG Voma take no position with respect to Defendant's Motion. Undersigned counsel understand that filing and calendaring errors are sometimes unavoidable,

despite the most diligent efforts.  Commerce does not appear to share this understanding of human nature, as demonstrated in the recounting above.  In light of the foregoing, we felt compelled to state on the record our objection to this ongoing double standard.

Respectfully submitted,

| | |
|---|---|
| */s/ Jordan C. Kahn* <br> Ned H. Marshak <br> Jordan C. Kahn <br><br> GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP <br> 599 Lexington Ave., 36th Floor <br> New York, New York 10022 <br> (212) 557-4000 <br> ** <br> 1201 New York Ave., NW, Suite 650 <br> Washington, DC 20005 <br> (202) 783-6881 <br><br> *Counsel for Plaintiff YC Rubber (North America) LLC and Consolidated Plaintiff Sutong Tire Resources Inc.* | /s/ Jonathan T. Stoel <br> Jonathan T. Stoel <br> Craig A. Lewis <br> Nicholas R. Sparks <br><br> HOGAN LOVELLS US LLP <br> 555 Thirteenth Street, N.W. <br> Washington, DC 20004-1109 <br><br> *Counsel to ITG Voma Corporation* |

November 2, 2023