UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |
|---|---|
| YC Rubber Co. (North America) LLC, et. al.,<br><br>            Plaintiff,<br><br>       v.<br><br>UNITED STATES,<br><br>            Defendant. | Court No. 1:19-cv-00069-MAB |

## **PLAINTIFF-INTERVENOR MOTION FOR PARTIAL FINAL JUDGMENT**

Pursuant to Rule 54(b) of the Rules of this Court, Plaintiff-Intervenor Kenda Rubber (China) Co., Ltd. ("Kenda") requests that the Court enter partial final judgment as to Kenda.

Under Rule 54(b), the Court may direct entry of a final judgment for fewer than all parties if it "expressly determines that there is no just reason for delay."  To determine whether there is "no just reason for delay," the Court examines "whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment." *United States v. Great Am. Ins. Co.*, 229 F. Supp. 3d 1306, 1332 (Ct. Int'l Trade 2017).  In the instant case, the Court should grant an immediate judgment as to Kenda such that Commerce can publish a *Timken* notice with the amended final determination as to Kenda.

This litigation arises out of the antidumping duty (AD) administrative review of passenger vehicle and light truck tires from the People's Republic of China (China) for the period of review (POR) August 1, 2016, through July 31, 2017 ("AR2").  During this review period, Commerce had initially selected two mandatory respondents for individual examination: Zhaoqing Junhong Co., Ltd. ("Junhong"); and Shandong Haohua Tire Co., Ltd. ("Haohua"). *See* YC Rubber Co. Complaint, Consol. Court No. 19-000069, ECF Doc. No. at 2.  Haohua declined

to participate in AR2, and Commerce calculated an antidumping margin for Junhong and used that rate to establish the rate for the separate rate respondents. *Id.* Commerce published the Final Results on April 26, 2019. *Id.*

Commerce's Final Results of AR2 were appealed. *Id.* The Federal Circuit, in an August 29, 2022, opinion, remanded the Final Results and concluded that Commerce erred in only examining a single mandatory respondent and applying the single mandatory respondent's rate to the separate rate respondents. *YC Rubber Co. (N. Am.) LLC v. United States*, Court No. 21-1489 (Fed. Cir. Aug. 29, 2022). Pursuant to those instructions, Commerce sought to select an additional mandatory respondent to review and contacted (1) Kenda Rubber (China) Co., Ltd. (Kenda); (2) Mayrun Tyre (Hong Kong) Limited (Mayrun); (3) Shandong Hengyu Science & Technology Co., Ltd. (Hengyu); (4) Winrun Tyre Co., Ltd. (Winrun); and (5) Shandong Wanda Boto Tyre Co., Ltd (Wanda Boto). *See* Remand results filed by U.S. Department of Commerce, Consol. Court No. 19-00069, ECF No. 78. All parties except Kenda notified Commerce that it would not participate as a mandatory respondent in the remand. *Id.* Commerce selected Kenda as an additional mandatory respondent and calculated an estimated weighted-average dumping margin of 18.15 percent for Kenda based on its reported data. *Id.* Commerce issued its First Remand Results on November 3, 2023. *Id.*

In a June 18, 2024, opinion, the Court again remanded Commerce's First Remand Results, concluding that Commerce: (1) may have erred in the order in which it selected a second respondent; (2) did not support with substantial evidence its denial of separate rate status for Mayrun, Hengyu, Winrun, and Wanda Boto; and (3) did not sufficiently explain its denial of the new withdrawal requests submitted during the first remand. *YC Rubber Co. (North America) LLC., et al v. United States,* Consol. Court No. 19-00069, Slip Op. 24-74 (CIT June 18, 2024).

Commerce entered its Second Remand Redetermination on the record on October 28, 2024. *See* Second Remand results filed by U.S. Department of Commerce, Consol. Court No. 19-00069, ECF No. 113. In this redetermination, Commerce discussed the order in which it contacted Wanda Boto, Mayrun, Hengyu, Winrun, and Linglong and whether these companies should have been assigned a separate rate or the China-wide rate of 87.99 percent. *Id.* Critically, Kenda's selection as the second mandatory respondent remains unchallenged and its separately calculated weighted-average dumping margin of 18.15 percent stands regardless of the disposition of these issues. *Id.* There is no further open question regarding Kenda's participation as a mandatory respondent or its assigned rate, and thus there is "no just reason" to delay issuance of a final judgment with respect to Kenda.

For these reasons, the Court should grant this motion and enter partial final judgment with respect to Kenda and allow Commerce to publish a *Timken* notice with the amended final determination as to Kenda in the Federal Register and issue appropriate customs instructions to CBP, consistent with the discussion above.

On November 12, 2024, counsel to Kenda contacted counsel for the United States, YC Rubber, Sutong Tire, ITG Voma Corporation, and Mayrun. Counsel to the United States consented to the motion on November 13, 2024; counsel to YC Rubber and Sutong Tire consented on November 14, 2024; counsel to ITG Voma Corporation consented on November 15, 2024; and counsel to Mayrun consented on November 19, 2024.

Dated:    November 20, 2024        STEPTOE LLP

                                   By:    */s/ Thomas J. Trendl*

                                          Thomas J. Trendl
                                          Zhu (Judy) Wang

                    1330 Connecticut Ave, NW
                    Washington, DC  20036
                    ttrendl@steptoe.com
                    Tel.: +1 202 429 8055

*Attorneys for Kenda Rubber (China) Co., Ltd.*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, JUDGE**

| | |
|---|---|
| YC Rubber Co. (North America) LLC, et. al.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 1:19-cv-00069-MAB |

**PROPOSED ORDER FOR PARTIAL FINAL JUDGMENT**

Upon consideration of Plaintiff-Intervenor's motion for partial final judgment pursuant to Rule 54(b) of the Rules of this Court, it is hereby:

**ORDERED** that Plaintiff-Intervenor's motion to enter partial final judgment with respect to Kenda is granted.

 

_____
The Honorable Mark A. Barnett, Judge
U.S. Court of International Trade

Dated: _____

Case 1:19-cv-00069-MAB Document 123 Filed 11/20/24 Page 6 of 6