IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| YC RUBBER CO. (NORTH AMERICA) LLC *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Consol. Court No. 19-00069 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to YC Rubber Co. (North America) LLC, Suton Tire Sesources, Inc. and ITG Voma Corporation's (collectively, plaintiffs) comments on the Department of Commerce's third remand redetermination, filed in accordance with this Court's order in *YC Rubber Co. (N. Am.) LLC v. United States*, 788 F. Supp. 3d 1296 (Ct. Int'l Trade 2025) (Third Remand Order). *See* Comments on Remand Results, ECF No. 151 (Plaintiffs' Comments); Third Remand Results, ECF No. 144-145. For the reasons below, we respectfully request that the Court sustain the remand results and enter judgment for the United States.

**BACKGROUND**

**I.     Administrative Determination Under Review**

The administrative determination under review is the final results of the administrative review of the antidumping order covering passenger vehicle and light truck tires from the

People's Republic of China (China) for the period between August 1, 2016, through July 31, 2017. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 17,781 (Dep't of Commerce April 26, 2019) (P.R. 290) (*Final Results*) and accompanying Issues and Decision Memorandum (P.R. 276) (IDM).[1] In the underlying final results, Commerce individually reviewed a single mandatory respondent, Zhaoqing Junhong Co., Ltd. (Junhong) and based the assigned separate rate for this review on its calculated weighted-average dumping margin. *Final Results*, 84 Fed. Reg. at 17,782.

## II.    The First Two Remands

The Federal Circuit vacated and remanded, holding that, under 19 U.S.C. § 1677f-1(c)(2), a "reasonable number" of respondents "is generally more than one." *See Y.C. Rubber Co. (N. Am.) LLC v. United States*, CAFC No. 21-1489, 2022 WL 3711377, at *4 (Fed. Cir. Aug. 29, 2022). Accordingly, this Court remanded the *Final Results* to Commerce to issue a determination consistent with the Federal Circuit's decision. *See* Remand Order (Feb. 2, 2023), ECF No. 72 (First Remand Order). On remand, Commerce sought to select a second mandatory respondent for review, selecting but subsequently receiving a withdrawal request and/or refusal to respond from each of the following companies in order based on their respective number of

---

[1] For ease of reference, the record citations with P.R./C.R. designate citation to the initially filed administrative record index, *see* ECF No. 24, and P.R.R./C.R.R. designate citation to the third remand record index. *See* ECF No. 147.

entries: Shandong Wanda Boto Tyre Co., Ltd (Wanda Boto); Shandong Hengyu Science & Technology Co., Ltd. (Hengyu); Mayrun Tyre (Hong Kong) Limited (Mayrun); and Winrun Tyre Co., Ltd. (Winrun). *See* First Remand Results at 3-4, ECF 78. Commerce then selected Kenda Rubber (China) Co., Ltd. (Kenda) as the second mandatory respondent. *Id*. at 4.

The Court remanded Commerce's First Remand Determination, instructing Commerce to further explain why it had not included Linglong Tyre Co., Ltd. (Linglong) in its list of possible respondents, to explain which entries Commerce had aggregated to determine volume of entries when selecting respondents, and to address the arguments raised by the companies that refused to participate as mandatory respondents regarding their separate rate eligibility and withdrawal requests. *See YC Rubber Co. (North America) LLC v. United States*, 711 F. Supp. 3d 1387, 1402, 1405-06 (Ct. Int'l Trade 2024) (Second Remand Order).

In its Second Remand Results, Commerce explained its methodology for selecting which data entries to aggregate to determine volume of entries. *See* Second Remand Results at 4-6, 17-26, ECF No. 113. Commerce additionally found that, with the information it had had at the time of original respondent selection in the first remand proceeding, it would have selected Linglong as the second mandatory respondent. Second Remand Results at 20-21. When Linglong then requested Commerce to rescind its review, Commerce grouped Linglong with the companies that had not participated as mandatory respondents in the first remand proceeding. *See* Second Remand Results at 2-3, 12-13, 25-26. Commerce also explained in detail its decision to deny the

withdrawal requests and separate rate status of Wanda Boto, Hengyu, Mayrun, Winrun, and Linglong. *Id.* at 26-34.

### III. The Court's Third Remand Order

The Court sustained in part and remanded in part the Second Remand Results. *See* Third Remand Order. The Court sustained Commerce's decision to combine CBP data entries when determining Kenda's volume of imports; Commerce's denial of separate rate-status to Hengyu, Winrun, Wanda Boto, and Mayrun; and Commerce's denial of withdrawal of requests for review from Mayrun, Hengyu, Winrun, and Linglong. *Id.* at 1303-5, 1306-08, 1309 The Court held, however, that Linglong should not have been selected before Kenda because Commerce should have used the data available to it at the time it made the decision to select Linglong as a mandatory respondent. The Court thus remanded to Commerce the decision to deny Linglong a separate rate. *Id.* at 1307.

### IV. Commerce's Third Remand Redetermination

On July 25, 2025, Commerce released its draft results of remand redetermination in which it granted Linglong separate rate status. *See* Draft Results of Remand Redetermination (P.R.R. 1, C.R.R. 1). Plaintiffs submitted comments on the draft remand arguing that Commerce should have also reconsidered the separate rate status of Wanda Boto, Hengyu, and Winrun. *See* Comments on Draft Remand (P.R.R. 4) at 2-3. On August 18, 2025, Commerce issued the Third Remand Results in which it defended its decision not to select Kenda as a mandatory respondent

before Wanda Boto, Hengyu, Mayrun, and Winrun.  Third Remand Results at 11.  Specifically, Commerce explained that it had followed the Court's explicit holding that Commerce's determination not to grant separate rate status to the other companies was supported by substantial evidence and in accordance with law.  *Id*. at 11-12 (citing Third Remand Order at 1305-07).

## ARGUMENT

I. **Standard of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," are "supported by substantial evidence, and are otherwise in accordance with law."  *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015).  Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support the conclusion reached.  *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938).  Substantial evidence may be "less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996).

II. **The Court Has Already Ruled that Commerce's Decision Not To Give Wanda Boto, Hengyu, and Winrun Separate Rate Status Is Lawful**

Plaintiffs argue that Commerce "could and should have rightfully reinstated the separate-rate status" for Wanda Boto, Hengyu, and Winrun. Plaintiffs' Comments at 3. However, that would have gone beyond this Court's limited instruction: "that, on remand, Commerce shall reconsider its selection of *Linglong* as a mandatory respondent; {and} Commerce shall reconsider its decision to rescind the separate-rate status of *Linglong* consistent with the findings in this opinion{.}" Third Remand Order at 22 (emphasis added). Commerce was neither directed nor empowered to reexamine the separate rate status of the other companies, and as such it would not have been "in accordance with the remand order" for Commerce to reconsider its determination that the other companies were not eligible for a separate rate status. *See* Third Remand Results at 11-12; Third Remand Order at 1306-07, 1308-09; *see also Mac-Lean Fogg*, 100 F. Supp. 3d at 1355.

In any event, the Court already ruled on the question when it stated in the Third Remand Order:

> By failing to respond to questionnaires as mandatory respondents when reasonably requested to do so, Hengyu, Winrun, Mayrun and Wanda Boto did not rebut the presumption of government control and Commerce's decision to deny a separate rate for those companies is supported by substantial evidence.

Third Remand Order at 1306-07; *see also* Third Remand Results at 11-12. The Court expressly stated that "Linglong, however, presents a different situation" because Kenda had more imports

than Linglong, and thus Linglong should never have been selected. Third Remand Order at 1307; Third Remand Results at 11; *see also* Second Remand Results at 26-31. Therefore, plaintiffs' arguments that Commerce should have reexamined the other companies and treated them like Linglong would have led to a determination by Commerce that would have been neither supported by the record nor in accordance with this Court's order.

Plaintiffs also contend that "Commerce suggests that Linglong is distinguishable from the other separate-rate respondents because the agency forgot Linglong in a previous remand proceeding." Plaintiffs' Comments at 7. This is incorrect. Both Commerce and this Court found Linglong distinguishable from the other companies because Linglong was not properly selected as a mandatory respondent by Commerce, while the other companies were. *See* Third Remand Results at 11; Third Remand Order at 1305, 1306-07. As such, the other companies were required to cooperate with Commerce by responding to its questionnaires and did not rebut the presumption of government control when refusing to cooperate. Third Remand Order at 1306-07. Had Commerce treated Linglong correctly from the start, it would have had no reason to select it as a mandatory respondent and its separate rate status would have been "undisturbed." Third Remand Order at 1307. For that reason, the Court remanded the question of Commerce's selection of Linglong *and* its denial of a separate rate to Linglong. *Id.*

Finally, plaintiffs argue that the passage of time is justification for refusal to cooperate as mandatory respondents. Plaintiffs' Comments at 7-8. However, as this Court previously explained:

> It is unremarkable that time would pass as the litigation continued or that a litigated issue would be resolved in a way that necessitated further administrative action by Commerce. The companies, whether participating in the litigation or not, were aware that Commerce's results . . . were not yet final and conclusive . . . . Thus, the renewed respondent-selection process, and consequent denial of separate-rate status based on the companies' respective decisions not to participate as mandatory respondents, was reasonably foreseeable.

Third Remand Order at 1308; *see also* Second Remand Results at 32-33.

## CONCLUSION

For these reasons, we respectfully request that this Court sustain Commerce's Third Remand Results and enter final judgment in favor of the United States.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        <u>s/ Claudia Burke</u>
        CLAUDIA BURKE

Of Counsel:        Deputy Director
KARL MUELLER        Commercial Litigation Branch
Attorney        U.S. Department of Justice
Department of Commerce        Civil Division
Office of Chief Counsel for Trade        P.O. Box 480
Enforcement & Compliance        Ben Franklin Station
1401 Constitution Avenue, NW        Washington, D.C., 20044
Washington, DC 20230        Tel: (202) 353-9063
        Email: claudia.burke@usdoj.gov
December 15, 2025        *Attorneys for defendant*